UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES

v.

RHONDELL WILLIAMS,

*Defendant*.

Criminal Action No. 25 - 112 (LLA)

**MEMORANDUM OPINION AND ORDER**

Defendant Rhondell Williams was charged in a three-count indictment in connection with his alleged unlawful possession of a ghost gun.  ECF No. 1.  He moves to suppress all evidence seized during his encounter with law enforcement on April 4, 2025.  ECF No. 21.  The matter is fully briefed, ECF Nos. 21, 23, 25, and the government has requested leave to file a surreply, ECF No. 27, which Mr. Williams opposes, ECF No. 28.  For the following reasons, the court will grant the government's motion for leave to file a surreply and deny Mr. Williams's motion to suppress.

**I.      FACTUAL BACKGROUND**

On April 4, 2025, officers of the D.C. Metropolitan Police Department ("MPD") were conducting a routine patrol on the 2600 block of Martin Luther King, Jr. Avenue, SE.[1]  While passing Pomeroy Road, SE, around 6:15 p.m., one officer, Sergeant Possinger, observed Mr. Williams standing in the street holding an open bottle of tequila.  The officers exited their

---

[1] Unless otherwise noted, the court draws the facts from the *Gerstein* affidavit filed in the criminal case against Mr. Williams in the Superior Court of the District of Columbia arising out of the same incident.  *See United States v. Williams*, No. 2025-CF2-3747 (D.C.).  The government dismissed the Superior Court charges shortly after a federal grand jury indicted Mr. Williams.  *Id.*; ECF No. 15, at 5.  Mr. Williams's statement of facts is also based on the *Gerstein* affidavit, but Mr. Williams "does not concede that these facts are accurate or true."  ECF No. 21, at 1.

vehicles and approached Mr. Williams, who had taken a seat on the front steps of his apartment building. Sergeant Possinger instructed Mr. Williams to walk down the steps to speak with them.

Once Mr. Williams was at the bottom of the steps, Sergeant Possinger placed him in handcuffs and attempted to walk him away from his family members, who had gathered nearby. Mr. Williams then locked out his legs and went limp, causing officers to drag him away from the steps. Sergeant Possinger advised those on scene that Mr. Williams was under arrest for possession of an open container of alcohol ("POCA").

During a search incident to arrest, Sergeant Possinger identified a crossbody bag under Mr. Williams's partially zipped jacket. Inside the bag, he discovered a Polymer 80 9-millimeter semiautomatic "ghost gun," which had no serial number. The gun was loaded with five rounds in a ten-round-capacity magazine.

The officers arrested Mr. Williams and, the following day, he was charged in the Superior Court of the District of Columbia with unlawful possession of a firearm, in violation of D.C. Code § 22-4503(a)(1), and carrying a pistol without a license, in violation of D.C. Code § 22-4504(a)(1). *United States v. Williams*, No. 2025-CF2-3747 (D.C.). On April 17, a federal grand jury indicted Mr. Williams with one count of unlawful possession of ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1); one count of unlawful possession of a firearm (prior conviction), in violation of D.C. Code § 22-4503(a)(1); and one count of possession of a prohibited weapon (felony) for possession of a "ghost gun," in violation of D.C. Code § 22-4514(a) and (c)(1), with an enhancement for a prior felony conviction pursuant to D.C. Code § 22-4514(c)(3). ECF No. 1. Mr. Williams has two prior felony convictions under District of Columbia law for possessing a pistol without a license and unlawfully possessing a firearm as a convicted felon. ECF No. 1,

at 1-2 (citing *United States v. Williams*, No. 2006-CF2-23110 (D.C.), and *United States v. Williams*, 2017-CF2-13226 (D.C.)); ECF No. 24, at 2.

## II.     DISCUSSION

Mr. Williams argues that the evidence seized by law enforcement on April 4, 2025 must be suppressed because the officers lacked probable cause to arrest him. ECF No. 21, at 5-6. The government counters that the officers had probable cause to arrest Mr. Williams after observing him holding an open tequila bottle on a public street and that the search of his person was therefore lawfully conducted incident to his arrest. ECF No. 23, at 6. In the alternative, the government argues that even if the officers lacked probable cause, they had reasonable articulable suspicion to temporarily stop and frisk Mr. Williams. *Id.* at 7-10. In his reply, Mr. Williams argues that the officers lacked authority to arrest him for POCA without a warrant because he was arrested on "private property"—the front steps of his apartment building—not on a public street. ECF No. 25, at 1-4. In response, the government moves for leave to file a surreply, arguing that Mr. Williams raised the issue of whether his arrest was on private property for the first time in his reply. ECF No. 27, at 1-2. In its surreply, the government argues that the officers did indeed observe Mr. Williams with an open bottle of tequila on a public street. ECF No. 27-1, at 2-3. The government also argues, in the alternative, that even if the officers had only observed Mr. Williams with an open container of alcohol on his front steps, the officers' arrest was based on a reasonable mistake of law. *Id.* at 3-5. Either way, the government contends that the motion to suppress should be denied because officers could effect a warrantless arrest or stop on Mr. Williams's front steps. *Id.* at 5-8. Mr. Williams opposes the government's request to file a surreply, arguing that he raised the issue of his arrest on private property in his initial motion to suppress. ECF No. 28, at 1, 3.

### A. Motion for Surreply

"District courts have broad discretion to grant the filing of a sur-reply but 'only to address new matters raised in a reply, to which a party would otherwise be unable to respond.'" *United States v. Hernandez*, No. 17-CR-51, 2023 WL 12088681, at *3 n.1 (D.D.C. Nov. 15, 2023) (quoting *González-Vera v. Townley*, 83 F. Supp. 3d 306, 315 (D.D.C. 2015)). While surreplies are "generally disfavored," *Kifafi v. Hilton Hotels Ret. Plan*, 736 F. Supp. 2d 64, 69 (D.D.C. 2010), *aff'd*, 701 F.3d 718 (D.C. Cir. 2012), a surreply may be appropriate when the opposing party has raised "truly new" arguments, *THEC Int'l-Hamdard Cordova Grp.-Nazari Constr. Co. v. Cohen Mohr, LLP*, 301 F. Supp. 3d 1, 6 (D.D.C. 2018) (quoting *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002)). Courts should consider "whether the movant's reply in fact raises arguments or issues for the first time, whether the non-movant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted." *United States v. Mejia*, 657 F. Supp. 3d 123, 130 n.3 (D.D.C. 2023) (quoting *Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014)).

In its motion for leave to file a surreply, the government argues that, in his reply, Mr. Williams "for the first time claims that the 'police had no justification for a warrantless arrest on private property,'" and that "the concept of 'private property'—indeed, the phrase *private property* itself—was wholly absent from the motion [to suppress]." ECF No. 27, at 1 (quoting ECF No. 25, at 1). Mr. Williams counters that a surreply is not appropriate because his motion to suppress—and the government's response—repeatedly referred to his front porch and the POCA law's "exception to enforcement on private property." ECF No. 28, at 2-3. The court agrees with the government. Mr. Williams raised his argument about the POCA law's exception and the

4

lawfulness of his arrest on the front steps of his building for the first time in his reply, *compare* ECF No. 21, *with* ECF No. 25, and it will permit the government to respond to it in a surreply.

### B. Motion to Suppress

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and it provides that "no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV.  District of Columbia law authorizes police officers to make warrantless arrests for offenses committed in the officer's presence.  D.C. Code § 23-581(a)(1)(B).  "A warrantless arrest of an individual in a public place for a felony, or a misdemeanor committed in the officer's presence, is consistent with the Fourth Amendment if the arrest is supported by probable cause."  *Maryland v. Pringle*, 540 U.S. 366, 370 (2003); *see Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.").

"Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest."  *Devenpeck v. Anthony*, 543 U.S. 146, 152 (2004).  Officers need only demonstrate "a probability or substantial chance of criminal activity."  *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018) (quoting *Illinois v. Gates*, 462 U.S. 213, 243-44 n.13 (1983)); *see Kaley v. United States*, 571 U.S. 320, 338 (2014) (noting that probable cause is not a "high bar").  If an officer has probable cause for an arrest, he may then conduct a full search of the arrestee's person incident to arrest.  *United States v. Robinson*, 414 U.S. 218, 224-25 (1973) ("It is well settled that a search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment.").

Here, the officers had probable cause to arrest Mr. Williams without a warrant. Drinking an alcoholic beverage or possessing an open container of alcohol in a "street, park, sidewalk, or parking area" is a misdemeanor offense, D.C. Code § 25-1001(a), (d), that is punishable by a fine of not more than $500, imprisonment for not more than sixty days, or both, *id.* §§ 25-1001(d), 22-3571.01(b)(3). The officers observed Mr. Williams standing in the street while holding an open bottle of tequila. ECF No. 21, at 2; ECF No. 23, at 1-2; *see, e.g.*, *Wasserman v. Rodacker*, No. 06-CV-1005, 2007 WL 2071649, at *5 (D.D.C. July 18, 2007), *aff'd*, 557 F.3d 635 (D.C. Cir. 2009) (finding that probable cause to arrest existed where it was an "uncontested fact that [the officer] observed" the defendant in violation of a dog leash regulation). The officers were thus "authorized (not required, but authorized) to make a custodial arrest without balancing costs and benefits or determining whether or not [his] arrest was in some sense necessary." *Atwater*, 532 U.S. at 354; *see United States v. Washington*, 670 F.3d 1321, 1322-25 (D.C. Cir. 2012) (holding that police had probable cause to arrest a motorist for POCA after observing "a strong smell of alcohol coming from the car," "a small amount of red liquid in an open cup in the car," and a puddle on the floorboard); *Bean v. United States*, 17 A.3d 635, 636-37 (D.C. 2011) (concluding that probable cause existed that a POCA violation was being committed where officers saw the defendant with a cognac bottle that was about one-fourth full). And having arrested Mr. Williams with probable cause, the officers could then conduct a search incident to arrest. *Robinson*, 414 U.S. at 224-25.

Mr. Williams argues that the POCA law does not apply to possession that occurs on a front porch. ECF No. 25, at 1-2; *see* D.C. Code § 25-1001(b)(1) (exempting consumption or possession of an alcoholic beverage "[i]n or on a structure that projects upon the parking, and which is an integral, structural part of a private residence, such as a front porch, terrace, bay window, or vault,

6

by, or with the permission of, the owner or resident"). That is true as far as it goes, but the officers here saw Mr. Williams on the street holding an open tequila bottle *before* he stepped onto the front steps of his building. As Mr. Williams himself states in his motion, "[w]hile on Pomeroy Road SE, Sergeant Possinger observed Mr. Williams holding an open bottle of tequila while walking." ECF No. 21, at 2. The court therefore concludes that the officers had probable cause to arrest Mr. Williams based on his violation of the POCA law in their presence.

Relying on *Collins v. Virginia*, 584 U.S. 586 (2018), Mr. Williams next argues that even if the officers had probable cause, they could not have arrested him without a warrant because the arrest occurred while he was on the constitutionally protected "curtilage" of his home. ECF No. 25, at 1-4. *Collins*, however, concerned the scope of the automobile exception with respect to warrantless *searches* on curtilage. The Supreme Court held that the automobile exception does not permit the warrantless entry of the home or curtilage to search a vehicle parked therein, explaining that "[w]hen a law enforcement officer physically intrudes on the curtilage to gather evidence, a search within the meaning of the Fourth Amendment has occurred." 584 U.S. at 593-96. The Court's holding did not address warrantless arrests.

"It is, of course, true that officers require a warrant in order to enter a home to effect an arrest, absent exigent circumstances." *Plummer v. District of Columbia*, 317 F. Supp. 3d 50, 62 (D.D.C. 2018); *see Payton v. New York*, 445 U.S. 573, 589-90, 100 (1980). However, as noted above, the Supreme Court has long held that the Fourth Amendment permits the "warrantless arrest of an individual in a public place for a . . . misdemeanor committed in the officer's presence" supported by probable cause. *Pringle*, 540 U.S. at 370 (citing *United States v. Watson*, 423 U.S. 411, 424 (1976)). In *United States v. Santana*, 427 U.S. 38 (1976), the Court specifically upheld a warrantless arrest upon probable cause on the threshold of the defendant's open front door, where

7

the defendant "was not merely visible to the public but was as exposed to public view, speech, hearing, and touch as if she had been standing completely outside her house," *id.* at 40-42. Here, Mr. Williams was not merely at the threshold of his dwelling but "completely outside [his] house," on the front steps, where he was completely "exposed to public view, speech, hearing, and touch." *Id.* at 42. Under *Santana*, Mr. Williams was in a public place at the time of his arrest, and given the existence of probable cause, the officers were entitled to arrest him there. *Id.*; *cf. United States v. Velazquez*, 906 F.3d 554, 560 (7th Cir. 2018) ("That the warrantless arrest itself took place on the driveway is not problematic."); *Kirkpatrick v. Butler*, 870 F.2d 276, 280 (5th Cir. 1989) (holding that police officers could make a warrantless arrest on the defendant's front porch).

Finally, Mr. Williams has requested an evidentiary hearing to determine whether he had an expectation of privacy on his front steps and whether the officers are credible. ECF No. 21, at 6; ECF No. 25, at 5. The court had previously scheduled an evidentiary hearing but, upon consideration of the parties' briefs, dispensed with the hearing because no dispute of material fact was evident. Sep. 1, 2025 Minute Order. An evidentiary hearing is required only where the question whether to suppress evidence turns on the resolution of a disputed material fact. *United States v. Law*, 528 F.3d 888, 904 (D.C. Cir. 2008) (per curiam). "If the defendant's 'assertions [a]re insufficient to establish a constitutional violation,' or the District Court need not 'resolve any disputes of material fact to decide [the] suppression motion,' denial of a hearing is warranted." *United States v. Neely*, 124 F.4th 937, 951 (D.C. Cir. 2024) (alterations in original) (citations omitted) (first quoting *United States v. Dale*, 991 F.2d 819, 848 (D.C. Cir. 1993) (per curiam), then quoting *Law*, 528 F.3d at 904).

Mr. Williams argues that material facts are in dispute because he "does not concede that [the government's alleged] facts are accurate or true." ECF No. 21, at 1 n.1; ECF No. 25, at 6.

8

However, he has not challenged any specific facts. *See United States v. Harris*, No. 19-CR-358, 2021 WL 1167263, at *4 (D.D.C. Mar. 26, 2021) (denying request for a suppression hearing where the defendant had not alleged facts suggesting that his statements were involuntary or that his waiver was uninformed). Under Mr. Williams's own recitation of the facts, the officers observed him on the street holding an open container of alcohol. ECF No. 21, at 1. Accordingly, the court will deny Mr. Williams's request for an evidentiary hearing.[2]

### III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the government's motion for leave to file a surreply, ECF No. 27, is **GRANTED**, and the Clerk of Court shall docket ECF No. 27-1 as the government's surreply. It is further **ORDERED** that Mr. Williams's motion to suppress, ECF No. 21, is **DENIED**.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   September 12, 2025

---

[2] In light of the court's conclusion that the officers had probable cause to arrest Mr. Williams, it need not address the parties' remaining arguments.