UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Case No. 25-cr-112 (LLA) |
| RHONDELL WILLIAMS, | |
| Defendant. | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO TEMPORARILY MODIFY RELEASE CONDITIONS**

The defendant, Rhondell Williams, seeks to temporarily modify his conditions of release to permit him to spend the Thanksgiving holiday at a residence located at Pomeroy Road SE, Washington, D.C., the same location where police recovered a loaded illegal ghost gun from his person. The government opposes the defendant's request.

On April 17, 2025, Mr. Williams was charged by indictment in connection with his unlawful possession of a loaded ghost gun on April 4, 2025. Specifically, members of the Metropolitan Police Department were patrolling the area of Martin Luther King Avenue SE near Pomeroy Road SE, when officers observed Mr. Williams walking down the street carrying what appeared to be a glass bottle of alcohol. As officers approached Mr. Williams, he sat down on the steps of 2818 Pomeroy Road SE and placed an open glass bottle of Patron tequila under his leg. Officers proceeded to detain Mr. Williams and recovered a loaded ghost gun from a cross-body satchel Mr. Williams was wearing. At the time of his arrest, Mr. Williams tested positive for amphetamine.

Following his indictment, Mr. Williams was initially ordered detained pending trial. *See* ECF No. 13, Order of Detention Pending Trial. Mr. Williams subsequently filed a motion seeking to revoke the order of pretrial detention (ECF No. 12), which the government opposed (ECF No.

1

15). Following a hearing, the Court granted Mr. Williams' motion, ordered him placed on home detention with GPS monitoring, and released him to the custody of a third-party custodian living in Maryland. *See* ECF No. 18, Order Granting Pretrial Release.

The Court should deny Mr. Williams' motion to temporarily modify his conditions of release. When releasing Mr. Williams from pretrial detention, the Court concluded it could ensure the safety of the community by releasing him to home detention in Maryland, with conditions that prohibit him from leaving his third-party custodian's home except for work and other essential activities. ECF No. 18 at 4-5. Mr. Williams now seeks to return to the location where he was arrested with a loaded ghost gun while in possession of an open bottle of tequila and under the influence of amphetamines. The government submits that the Court cannot ensure the safety of the community if Mr. Williams is permitted to return on November 27, from 2:00 p.m. to 11:00 p.m., to Pomeroy Road SE, where he will not be under the supervision of his Third-Party custodian. Rather, Mr. Williams, who has twice been convicted of illegally possessing a firearm, will be returning to a location where he felt the need to arm himself with a ghost gun while consuming alcohol and illegal narcotics. Permitting Mr. Williams to do so would only increase the likelihood that he would engage in the same dangerous behavior again. Accordingly, the Court should deny Mr. Williams' motion.

                    Respectfully submitted,

                    JEANINE FERRIS PIRO
                    UNITED STATES ATTORNEY

                    */s/ Benjamin Helfand*
                    Benjamin Helfand
                    D.C. Bar No. 1658708
                    Assistant United States Attorney
                    601 D. Street, NW,
                    Washington, DC 20530
                    202-252-7059
                    Benjamin.Helfand@usdoj.gov